# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **ROTHSCHILD DIGITAL** § | |
| **CONFIRMATION LLC** § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| **GOSPOTCHECK, INC.** § | |
| § | |
| Defendant. § | |

## COMPLAINT FOR INFRINGEMENT OF PATENT

COMES NOW, Plaintiff Rothschild Digital Confirmation LLC ("RDC" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## I. NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant GoSpotCheck, Inc., (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from RDC, from U.S. Patent No. 7,456,872 (the "'872 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

## II. THE PARTIES

2. Plaintiff RDC is a Texas entity with its principal place of business at 1400 Preston Rd. Ste. 400, Plano, Texas 75093-5189.

3. Upon information and belief, Defendant is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 1520 Market Street, 2nd Floor, Denver, CO 80202. Upon information and belief, Defendant may be served with process at The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

### III. JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, including having the right to transact business in Colorado, as well as because of the injury to RDC, and the cause of action RDC has risen, as alleged herein.

6. Defendant is subject to this Court's personal jurisdiction pursuant to due process, due at least to its substantial business and purposeful availment of this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Colorado and in this judicial district.

7. Upon information and belief, Defendant, directly and/or through its employees or agents, and/or its customers, uses products, as defined below, that contain each and every element of at least one claim of the '872 patent with the knowledge and/or understanding that such products are used or will be used in this District. For example, Defendant offers the accused product to in

Colorado through its website.[1] Upon information and belief, Defendant has engaged in substantial and not isolated activity within this District. Therefore, exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

8. Defendant has conducted and does conduct business within the state of Colorado, directly or through intermediaries, or offers and advertises products or services, or uses services or products in Colorado, including this judicial district, in a manner that infringes the '872 Patent.

9. Specifically, Defendant solicits business from and markets its products to consumers within Colorado by providing a product for verifying an assignment of a user, as described in the '872 Patent.

10. In addition to Defendant's continuously and systematically conducting business in Colorado, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Colorado including Defendant's use of a locational image verification device for verifying an assignment of a user, as described in the '872 Patent.

11. Defendant is a company that has a regular and established presence in this district and makes and uses a product that us locational image verification device for verifying an assignment of a user.

12. Defendant's product includes a user verification module for verifying an identity of a user of the device, which upon verification of the user, the user verification module enables operation of the device and provides an assignment to the user

13. Defendant's product includes a capture module for capturing an image relating to the assignment and creating a digital image file wherein the user verification verifies the identity of the user of the device at a time of the image capture.

---

[1] http://www.gospotcheck.com.

14. Defendant's product includes a locational information module for determining a location of the device when capturing the image.

15. Defendant's product includes a date and time module for determining a date and time of the image capture.

16. Defendant's product includes a processing module for associating the assignment, the user identity, location information and the time and date to the digital image file.

17. Defendant's product includes an encryption module for encrypting the digital image file and associated information (e.g., data encryption) upon image capture.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement and has a regular and established place of business in this district.

## IV. ALLEGATIONS

19. On November 25, 2008, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '872 patent, entitled "Device and method for embedding and retrieving information in digital images" after a full and fair examination. (Exhibit A).

20. RDC is presently the owner of the patent, having received all right, title and interest in and to the '872 patent from the previous assignee of record. RDC possesses all rights of recovery under the '872 patent, including the exclusive right to recover for past infringement.

21. The '872 patent contains two (2) independent claims and thirty-seven (37) dependent claims.

22. The '872 patent claims locational image devices and methods for verifying an assignment of a user.

23. Defendant commercializes, *inter alia*, locational image software for devices that include each and every element and/or performs each and every step of at least one claim of the '872 patent.

## DEFENDANT'S PRODUCTS

24. The accused products include, but are not limited to, the "GoSpotCheck mobile application" (the "Accused Product"). At least during testing, the Accused Product comprises a locational image verification device (e.g., a mobile device installed with the GoSpotCheck app capable of capturing a photo and enabled with location services) for verifying an assignment of a user (e.g., the job assigned to the user/field technician from his/her company).[2]

25. At least during testing, the Accused Product includes a user verification module (e.g., the GoSpotCheck application on the mobile device) for verifying an identity of a user of the device (e.g. the login details that verify the identity of the user using the mobile device).

26. At least during testing of the Accused Product, and upon verification of the user (e.g. after providing the login details), the user verification module (e.g., the GoSpotCheck application on the mobile device) enables operation of the device and provides an assignment to the user (e.g. the job assigned to the user from his/her company).[3]

27. At least during testing, the Accused Product includes a capture module (e.g., the camera on the mobile device) for capturing an image relating to the assignment (e.g., a photo documenting the finished job captured with the mobile device after completion of the assignment by the user) and creating a digital image file (e.g., the digital image file of the photo);[4] wherein the user verification module (e.g., the GoSpotCheck application on the mobile device) verifies the

---

[2] https://reviews.financesonline.com/p/gospotcheck/
[3] *Id.*
[4] https://www.gospotcheck.com/

identity of the user (e.g. verifies the identity of the user through the login page using the mobile device) of the device at a time of the image capture (e.g., before capturing the photo).[5]

28.     At least during testing, the Accused Product includes a locational information module (e.g., the location services in the mobile device running GoSpotCheck that assist the user to reach the location of the assignment) for determining a location of the device when capturing the image (e.g., the finished job photo is captured at the location of the assignment, which is communicated to the back office along with other details).[6] Furthermore, the Accused Product includes a date and time module (e.g., the date and time module of the mobile device enabled with the GoSpotCheck mobile app) for determining a date and time of the image capture (e.g., the date and time of the photo is stored in properties of the image; as another example, start and end time and date of a task when image is captured is recorded).

29.     At least during testing, the Accused Product includes a processing module (e.g., the processor of the mobile device) for associating the assignment, the user identity, location information and the time and date to the digital image file (e.g., current assignment, location information, user identity are associated with the digital image file of the photo captured; the date and time of the photo is stored in properties of the image; as another example, start and end time and date of a task when image is captured is recorded).

30.     The Accused Product includes an encryption module (e.g., the encryption module of GoSpotCheck which encrypts the data before sending to back office) for encrypting the digital image file and associated information (e.g., data encryption) upon image capture (e.g. photo captured using the mobile device running GoSpotCheck).[7]

---

[5] *https://www.gospotcheck.com/features/photo-capture-analytics/*
[6] *Id.*
[7] https://www.gospotcheck.com/wp-content/uploads/2015/09/gsc-security-fall2015.pdf

31.     The elements described in paragraphs 24-30 are covered by at least claim 1 of the '872 patent. Such combination of elements can only be used in a way that infringes the '872 patent. Thus, Defendant's use of the Accused Product is enabled by the device described in the '872 patent.

## INFRINGEMENT OF THE '872 PATENT

32.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 31.

33.      In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '872 patent.

34.     Defendant has had knowledge of infringement of the '872 patent at least as of the service of the present complaint.

35.      Defendant has directly infringed and continues to directly infringe at least claim 1 of the '872 patent by using, at least during internal testing, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '872 patent, Plaintiff has been and continues to be damaged.

36.     Defendant has indirectly infringed and continues to indirectly infringe at least claim 1 of the '872 patent by actively inducing its respective customers, users, and/or licensees to directly infringe by using the Accused Product.  Defendant engaged or will have engaged in such inducement having knowledge of the '872 patent.  Furthermore, Defendant knew or should have known that its action would induce direct infringement by others and intended that its actions would induce direct infringement by others.  For example, Defendant sells, offers to sell and advertises the Accused Product through websites or digital distribution platforms that are available

in Texas, specifically intending that its customers use it on mobile devices.[8] Furthermore, Defendant's customers' use of the Accused Product is facilitated by the use of the device and method described in the '872 patent. As a direct and proximate result of Defendant's indirect infringement by inducement of the '872 patent, Plaintiff has been and continues to be damaged.

37.  By engaging in the conduct described herein, Defendant has injured RDC and is thus liable for infringement of the '872 patent, pursuant to 35 U.S.C. § 271.

38.  Defendant has committed these acts of infringement without license or authorization.

39.  As a result of Defendant's infringement of the '872 patent, RDC has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

40.  RDC will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, RDC is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## V. DEMAND FOR JURY TRIAL

41.  RDC demands a trial by jury of any and all causes of action.

## VI. PRAYER FOR RELIEF

WHEREFORE, RDC prays for the following relief:

1.  That Defendant be adjudged to have infringed the '872 patent directly, literally and/or under the doctrine of equivalents;

---

[8] http://www.gospotCheck.com/

2. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '872 patent;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate RDC for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5. That Defendant be directed to pay enhanced damages, including RDC's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6. That RDC have such other and further relief as this Court may deem just and proper.

Dated: September 11, 2017

Respectfully Submitted,

By: */s/ Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC-PR No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal-Font
USDC-PR No. 227811
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF ROTHSCHILD DIGITAL CONFIRMATION LLC**